■ In the Matter of the STATE DIVISION OF HUMAN RIGHTS, Petitioner, v SCANDINAVIAN SKI & SPORTS SHOPS, INC., et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to enforce order of State Division of Human Rights, dated October 20, 1975, which found that respondents had discriminated against a female complainant. *Per Curiam.* This is an original proceeding in which the petitioner State Division of Human Rights applies to this court pursuant to section 298 of the Executive Law to enforce its order of October 20, 1975, which found that the respondents Scandinavian Ski & Sports Shops, Inc., and an individual, who was the manager of the corespondent's store, had discriminated against the original female complainant. She had responded to an advertisement for the position of a ski salesperson, the advertisement stating that it was open to both males and females. After a hearing on the complaint, it was determined that, while the advertisement was nondiscriminatory, in practice complainant was refused employment because of her sex. The order provided that the respondent pay the complainant $500 in compensatory damages and offer her an opportunity to submit a job application and hire her if she is found qualified and a position is available. The respondent did not appeal the commissioner's order to the New York State Human Rights Appeal Board pursuant to section 297-a of the Executive Law, and so the matter stands, with the division now seeking an enforcement order from this court. The corporate defendant has submitted a verified answer to the effect that it is now in chapter XI of bankruptcy arrangement proceedings, and the original complainant has filed a claim in the bankruptcy for the $500. The individual respondent has submitted no papers on this appeal and is no longer employed by the store. We are met then with the question of whether, and under what circumstances, a bankrupt can be directed to offer employment (see *Baker v State Human Rights Appeal Bd.,* 42 AD2d 688) (no opinion), and further whether the original complainant should be granted a preference over other creditors with respect to the $500 due. The petition is

dismissed on the law, without costs and without prejudice. In the exercise of discretion, petitioner is directed to the bankruptcy court for resolution of the questions posed. Application, pursuant to section 298 of the Executive Law, unanimously denied and the petition dismissed, on the law, without costs and without disbursements, and without prejudice. In the exercise of discretion, petitioner is directed to the bankruptcy court for resolution of the questions posed. Concur—Stevens, P. J., Markewich, Kupferman, Birns and Capozzoli, JJ.